UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ULAN ESENKUL UULU,[1]

Petitioner,

v. Case No. 3:26-cv-1721-MMH-SJH

GARRETT RIPA and SHERIFF
BRIAN S. CREECH,

Respondents.

---

**ORDER**

Petitioner Ulan Esenkul Uulu, an immigration detainee, initiated this action through counsel by filing an Emergency Petition for Writ of Habeas Corpus, with Injunctive Relief and Declaratory Relief Requested (Doc. 1; Petition) on July 3, 2026.[2] Uulu, a citizen of Kyrgyzstan, was paroled into the

---

[1] It appears that Petitioner's name is misspelled on the Court's docket. While Petitioner spells his name "Ulan Esenkul Uulu," see Petition at 1 (emphasis added), the docket reflects that his name is "Ulan Ekenkul Uulu." Therefore, the Court will refer to Petitioner as "Ulan Esenkul Uulu" and will direct the Clerk of Court to correct the style of the case to reflect the proper spelling of his name.

[2] At the time Uulu filed this case, he "was last known as detained at the Hamilton County Jail in Florida." See Petition at 1. According to the Federal Respondents and ICE's website, he is currently housed at a detention facility in Georgia. See Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 6; Response), filed July 13, 2026, at 2; Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited Aug. 24, 2026). Because Uulu was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and

United States on May 4, 2023. Id. at 1–2. He has a pending asylum application. Id. at 3. On July 2, 2026, United States Immigration and Customs Enforcement (ICE) detained Uulu following his arrest by local law enforcement officers. Id. The crux of Uulu's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 22–38. As relief, he seeks, inter alia, immediate release. Id. at 38.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Uulu, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Uulu was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior

---

may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); see, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. The **Clerk** is directed to correct the style of the case to reflect the proper spelling of Petitioner's name: Ulan Esenkul Uulu.

2. Uulu's Emergency Petition for Writ of Habeas Corpus, with Injunctive Relief and Declaratory Relief Requested (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[3] Within **seven days** of this Order, Respondents shall either afford Uulu an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Uulu, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[3] Because the Court finds that Uulu is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record